**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Juan Carlos FRANCO–VILLAGRAN,**
**Defendant–Appellant.**

No. 05–41155.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided June 20, 2006.

Marjorie A. Meyers, Federal Public Defender, Margaret Christina Ling, Assistant Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM: *

Juan Carlos Franco–Villagran (Franco) appeals his sentence for illegal reentry in violation of 8 U.S.C. § 1326(a) and (b). Franco challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The Government argues that the waiver provision in Franco's plea agreement precludes his attack on the constitutionality of § 1326(b) and that, as a result of the waiver, Franco lacks standing to challenge the constitutionality of § 1326(b). We assume, *arguendo* only, that the waiver does not bar the instant appeal.

Franco's constitutional challenge is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Franco contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almen-*

darez–Torres in light of *Apprendi*, we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Franco properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.